### STATE of Maine
#### v.
### Sherman WHITMORE.

Supreme Judicial Court of Maine.

Submitted on Briefs April 30, 1991.

Decided May 20, 1991.

Michael P. Cantara, Dist. Atty., Alfred, for plaintiff.

Craig T. Gardner, Gardner, Gardner & Murphy, Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Sherman Whitmore appeals from the judgment entered in the Superior Court (York County, *Brodrick, J.*) pursuant to a jury verdict finding him guilty of rape in violation of 17–A M.R.S.A. § 252 (1983).[1] Whitmore contends the court abused its discretion in its determination that the probative value of the testimony of the State's expert witness was not substantially outweighed by the danger of unfair prejudice to Whitmore. We affirm the judgment.

At the trial of this matter on direct examination by the State, the alleged victim testified that at the time of the alleged rape she lived in an apartment with her infant daughter; she had never seen Whitmore prior to the morning of the alleged

---

1. On January 24, 1989, the date of the alleged offense, section 252, repealed by P.L.1989, ch. 400, § A(3), provided in pertinent part:

   A person is guilty of rape if he engages in sexual intercourse ... [w]ith any person, not his spouse, and the person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E.

   Section 251(1)(E) provides:

   "Compulsion" means physical force, a threat of physical force or a combination thereof which makes a person unable to physically repel the actor or which produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or upon another human being.

offense when he came to her apartment to do repairs at the request of the owner of the building; Whitmore had offered her money to have sexual intercourse with him, which she had refused; she submitted to sexual intercourse with Whitmore because of her fear that Whitmore would carry out his threat that if she refused to submit she would never see her baby again. Further, she testified that as a child she had been threatened and sexually abused by her father and brother and in her experience such "threats have always been carried out"; she "had no idea what [Whitmore] was capable of doing," and she did not resist Whitmore's advances because "I was there ... physically, but I wasn't there. I turned myself off ... [b]ecause I didn't like what was going to take place."

The announced theory of Whitmore's defense to the charge was that the alleged victim agreed to sexual intercourse with Whitmore for money. Cross-examination of the alleged victim elicited the following: before and during the alleged rape she had failed to attempt to alert her nearby neighbors by screaming for help; following the alleged rape, and while Whitmore remained in her apartment, she had prepared a bottle for the baby and left the apartment with the child; thereafter she had visited her mother, done laundry at a laundromat, dropped the laundered clothes at her apartment, where Whitmore was still working, and visited friends prior to reporting the alleged rape to her friends and to the police late that night.

Over the objection of Whitmore, the court allowed the State to introduce a clinical psychologist's expert testimony on the reaction that might typically be displayed by adult victims of sexual abuse who have a prior history of prolonged sexual abuse during childhood. From the judgment entered pursuant to the jury verdict finding Whitmore guilty of rape, he appeals.

Whitmore's sole contention on appeal is that the trial court improperly admitted the expert testimony of the clinical psychologist. He concedes that *State v. Black*, 537 A.2d 1154 (Me.1988), controls the issue on appeal and that he has the burden to establish that he was unfairly prejudiced by the challenged admission. *See* M.R.Evid. 403.

While he agrees that the psychologist's testimony was clearly relevant in the instant case, he argues that, unlike the situation in *Black*, no actual inconsistencies arose in the alleged victim's testimony on the issue of compulsion, nor did she waiver in regard to that testimony or change it on cross-examination.

We review the evidentiary ruling made pursuant to M.R.Evid. 403 to ascertain whether the trial court clearly abused its discretion by its determination that the probative value of the psychologist's testimony was not substantially outweighed by the danger of unfair prejudice to Whitmore. *State v. Hurd*, 360 A.2d 525, 527 (Me.1976). In *Black* we recognized that the prosecution may introduce expert testimony to assist the trier of fact in understanding not only inconsistencies in the victim's testimony but inconsistencies in the victim's conduct to rebut an express or implied defense assertion that such inconsistencies make it improbable that a crime was committed. *State v. Black*, 537 A.2d at 1156. Here, the extensive cross-examination of the alleged victim concerning her conduct before, during, and after the alleged rape was an attempt to show that her conduct was consistent with the defense that the sexual intercourse between Whitmore and the alleged victim had been consensual, and accordingly that the crime of rape had not been committed. The expert testimony of the psychologist was not within the province of a lay witness or of a jury. *Id.* In the circumstances of this case, the trial court did not clearly abuse its discretion by permitting the expert witness to offer a possible explanation for the seemingly inconsistent conduct of the alleged victim.

The entry is:

Judgment affirmed.

All concurring.